UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DILLIHANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTER FOR HUMAN DEVELOPMENT, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00220-JSC<br><br>**ORDER GRANTING DEFENDANT CONTRA COSTA COUNTY'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 14, 19, 21 |

Plaintiff Henry Dillihant III ("Plaintiff") makes various civil claims against Defendants Contra Costa County (the "County") and the Center for Human Development arising out of his employment termination. Now pending before the Court is the County's Motion to Dismiss Plaintiff's FAC. (Dkt. No. 14.) The County seeks dismissal of four of Plaintiff's causes of actions with prejudice, arguing that they cannot be rectified by adding additional allegations. Having considered the parties' written submissions, and, having had the benefit of oral argument on June 30, 2016, the Court GRANTS the County's Motion, but with leave to amend except for the "Paid Family Leave" claim which is dismissed with prejudice.[1]

## FACTUAL & PROCEDURAL BACKGROUND

### I.   Complaint Allegations

Plaintiff is a resident of Contra Costa County and was jointly employed by the Center for Human Development and the County.[2] (FAC ¶¶ 3, 6.) Plaintiff was employed for approximately six months, from on or around July 2014 to on or around January 2015. (*Id.* ¶ 6.) Plaintiff worked

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 11, 12.)
[2] Claims asserted against the Center for Human Development are not as issue in this Motion.

as an independent contractor for the County as a health conductor for the County's Health Services Department. (*Id.*) The County is a public entity. (*Id.* ¶ 5.)

Throughout his employment, Plaintiff's direct supervisor, Ms. Mashama, repeatedly made inappropriate and discriminatory comments to Plaintiff. (*Id.* ¶ 8.) Ms. Mashama's comments referenced her concerns that Plaintiff would possibly make mistakes, disappear, or fail because of his race and gender. (*Id.*) Plaintiff and his wife were expecting a child in February 2015; after his wife experienced some complications he requested time off. (*Id.* ¶ 9.) Both the County and the Center for Human Development denied his request for leave. (*Id.*) When Plaintiff nonetheless took time off to assist his wife, the County marked him absent without official leave. (*Id.*) After his child was born, he again requested time off, but this request was also denied and met with hostility. (*Id.* ¶ 10.) Further, both the County and the Center for Human Development gave Plaintiff false information regarding his right to take time off. (*Id.*) Shortly thereafter, Plaintiff was terminated by the County and the Center for Human Development. (*Id.* ¶ 12).

On his final day with the County, Plaintiff was "accosted" by the County's deputies and "paraded through the halls in open view . . . with his hands behind his back as if he were under arrest." (*Id.* ¶ 13.) The County deputies searched both his person and possessions without a warrant or his permission and treated Plaintiff in a hostile manner, with their weapons drawn or in plain sight, making it known to Plaintiff that he was not free to leave. (*Id.* ¶¶ 13-14.) While he was "under arrest," the County deputies searched his vehicle and, in doing so, they caused extensive damage to it and the property inside. (*Id.* ¶ 15.) Specifically, the County deputies poured laundry detergent over Plaintiff's belongings inside the vehicle, including his bible, which deeply offended him as he is a pastor. (*Id.*) Plaintiff incurred a substantial car repair bill because of the County deputies' actions. (*Id.*) The County seized Plaintiff's personal property from his desk and vehicle and refused to return it. (*Id.* ¶ 16.) Additionally, the Center for Human Development refused to give Plaintiff a reason for his termination or access to his personnel file, although Plaintiff believes that it was based on his request for time off and for seeking information on taking leave. (*Id.* ¶¶ 18, 21.)

## II. Procedural Background

Plaintiff exhausted his administrative remedies with the Department of Fair Employment and Housing ("DFEH") prior to filing this action against the County and the Center for Human Development. (Dkt. No. 1; FAC ¶ 19.) After this action was filed, Plaintiff amended his DFEH complaint to state a claim for associational discrimination, and thereafter filed the now operative FAC. (FAC ¶ 19.)

Plaintiff brings eight causes of action in the FAC: (1) violations of the Unemployment Insurance Code § 1237 and Labor Code § 98.6 against both Defendants for discrimination/retaliation of Paid Family Leave; (2) discrimination based on race and gender in violation of the Fair Employment and Housing Act ("FEHA") against both Defendants; (3) discrimination based on disability in violation of FEHA against both Defendants; (4) wrongful termination in violation of public policy against the Center for Human Development; (5) violation of California Labor Code § 1198.5 against the Center for Human Development; (6) violation of 42 U.S.C. § 1983 against the County (for civil rights violations by the County deputies); (7) intentional infliction of emotional distress ("IIED") against both Defendants; and (8) conversion against the County. Plaintiff seeks damages and injunctive relief.

The County now moves the Court to Dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 14.) The Center for Human Development answered the FAC and did not move to dismiss. (Dkt. No. 15.)

## DISCUSSION

The County moves to dismiss four of the six causes of action Plaintiff alleges against it; that is, all but the race, gender, and disability discrimination claims. The County contends that Plaintiff's first cause of action for discrimination/retaliation for "paid family leave" fails to state a claim for relief because Plaintiff does not qualify as an employee under either the federal Family and Medical Leave Act or California's Family Rights Act. The County next insists that Plaintiff has not adequately pled *Monell* liability in the sixth cause of action. Finally, the County urges that Plaintiff has failed to state a claim for either IIED in his seventh cause of action because he does not allege facts demonstrating "extreme and outrageous conduct" or for conversion in his eighth

3

cause of action because the FAC does not allege facts to show that Plaintiff owned, or had a right to possess, any particular item of personal property.

### A.  Plaintiff's Discrimination and Retaliation in "Paid Family Leave" Claim

Plaintiff expressly does not oppose the County's motion to dismiss his first cause of action for discrimination and retaliation for "paid family leave." (Dkt. No. 19 at 1.[3]) Accordingly, the Court grants the motion to dismiss this claim with prejudice.

### B.  Plaintiff's Section 1983 Claim

The County argues that Plaintiff has failed to state a claim of municipal liability under *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978). Plaintiff's opposition seeks leave to amend this claim. (Dkt. No. 19 at 1.) Accordingly, the Court grants the motion to dismiss the sixth cause of action with leave to amend.

### C.  Plaintiff's IIED Claim Fails to Establish the Required Elements

To adequately plead a claim for IIED, a plaintiff must allege four elements: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." *Dowell v. Contra Costa Cnty.*, 928 F. Supp. 2d 1137, 1156 (N.D. Cal. 2013) (citing *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 156 n.7 (1987)). "In order to be considered outrageous, the conduct 'must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)). Further, the severity must be "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 397 (1970). Demonstrating severity of distress includes pleading facts to show the nature, extent or duration of the alleged emotional distress. *See Angie M. v. Super. Ct.*, 37 Cal. App. 4th 1217, 1227 (1995).

---

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

An employer's conduct cannot be said to be extreme or outrageous for purposes of an IIED claim when the conduct is "a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances." *Cole*, 43 Cal. 3d at 160. Under California law, "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996). In addition, the defendant must have acted intending to cause the injury or acted knowing that the injury will result. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993); *see also Christensen v. Super. Ct.*, 54 Cal. 3d 868, 904-05 (1991) (noting that the defendant's conduct must be "especially calculated to cause . . . mental distress of a very serious kind."). This conduct does not include a supervisor yelling at or criticizing an employee. *See Schneider v. TRW*, 938 F.2d 986, 992 (9th Cir. 1991). Even though conduct of this sort might be immoral or depraved, it is part of normal employment practices. *Id.*

Plaintiff's IIED cause of action does not identify any specific acts that constitute extreme and outrageous conduct. Instead, he incorporates his other factual allegations by reference and concludes that these acts were "outrageous, unnecessary, excessive and unwarranted" and done with a "reckless disregard." (FAC at ¶¶ 56-57.) In his opposition, Plaintiff identifies particular FAC paragraphs to support his IIED claim: (1) the County "intentionally" created a spectacle out of his termination to make it appear as though he were a criminal by parading him through the hallways "with his hands behind his back as if he were under arrest" (FAC ¶ 13); (2) the County deputies' search of Plaintiff's person and belongings without permission or explanation and their hostile treatment towards Plaintiff, with their weapons drawn or exposed (FAC ¶ 14); and (3) the County deputies' search of Plaintiff's vehicle without a warrant or permission and intentionally destroying his property in the commission of the search (FAC ¶ 15).

At a minimum, Plaintiff's factual allegation regarding the deputies intentionally pouring laundry detergent over his property in his car while conducting an illegal search supports a plausible inference of conduct that is outrageous, unnecessary, excessive, unwarranted, and so humiliating that "no reasonable man . . . should be expected to endure." (FAC ¶¶ 15.) *See*

*Fletcher*, 10 Cal. App. 3d at 397; *Tekle*, 511 F.3d at 855; *see also Crain v. Krehbiel*, 443 F. Supp. 202, 212-13 (N.D. Cal. 1977) (holding that the defendant's verbal threats and intimidating conduct directed at plaintiff during conversations in the course of an investigation qualifies as extreme and outrageous conduct under California law).

This allegation also allows the Court to draw the inference that the County acted with reckless disregard of the probability that their conduct and acts would cause plaintiff severe emotional distress. *See Potter*, 6 Cal. 4th at 1001. Construing the allegations in the light most favorable to Plaintiff, as the Court must, *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), the deputies' actions constitute a reckless disregard of the probability that their conduct would cause Plaintiff severe emotional distress. (FAC ¶¶ 13-15, 57.) Even if the deputies were unaware of the bible in the car or unaware that Plaintiff is a pastor, unlawfully searching Plaintiff's vehicle and spilling laundry detergent over his property demonstrates reckless disregard toward the possibility of inflicting severe emotional distress upon Plaintiff. (FAC ¶ 15.) Although Plaintiff alleges that he was not present when the County deputies "intentionally" poured the detergent on his belongings (FAC ¶ 15), the unlawful search was directed at Plaintiff and is therefore sufficient to state an IIED claim. *See Cole*, 43 Cal. 3d at 159; *Christensen*, 54 Cal. 3d at 903. Unlike *Potter*, here the deputies were aware of the specific victim and "had to have realized that [their] misconduct was almost certain to cause severe emotional distress." *See Potter*, 6 Cal. 4th at 1003. Additionally, accepting Plaintiff's allegations as true, the search was so reckless that it resulted in destruction of Plaintiff's property. (FAC ¶ 15.)

While these allegations support an inference that the conduct was sufficiently outrageous and conducted with reckless disregard, Plaintiff has not adequately pled the severity of his resulting emotional distress. Merely stating that he was "deeply offended" is inadequate. (FAC ¶ 15.) "[D]iscomfort, worry, anxiety, upset stomach, concern, and agitation" are not severe enough to constitute emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009); *see also Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1376-77 (2010) (lost sleep, upset stomach, and general anxiety are not severe emotional distress). Plaintiff has thus failed to adequately allege the severity of any emotional distress that he might have suffered as a result of the County's conduct. The County's

motion to dismiss the IIED claim is therefore granted with leave to amend. As the County denies that Plaintiff was in its employ, the Court will not address its alternative workers compensation exclusivity argument.

### D. Plaintiff's Conversion Claim is not Sufficiently Pleaded

Conversion is "'the wrongful exercise of dominion over the property of another.'" *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (quoting *Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 543 (1996)). The elements of conversion under California law are: (1) ownership of, or a right to possess, the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of the plaintiff's property rights; and (3) damages. *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 451 (1997). Conversion may be found even when a plaintiff voluntarily places his property in the defendant's possession, as long as the defendant wrongfully "assume[s] control over the property or . . . 'applie[s] the property to his own use.'" *Mindys Cosmetics*, 611 F.3d at 601 (quoting *Oakdale*, 43 Cal. App. 4th at 543). In other words, a plaintiff alleging conversion must prove that, at a certain point, "[he] did not consent to the defendant's exercise of dominion" over the property. *Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008) (citation omitted).

An action for conversion of tangible property exists when a plaintiff makes a claim for property that "is specific enough to be identified." *Olschewski v. Hudson*, 87 Cal. App. 282, 288 (1927); *see also Chappell v. United States*, 270 F.2d 274, 278 (9th Cir. 1959). Thus, a plaintiff must demonstrate "that he was entitled to the possession of the specific property in question," giving the defendant notice of this specific property. *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 123 (2007) (internal citation and quotation marks omitted). Plaintiff's conversion claim alleges that the County wrongfully deprived him of his "personal property" that was left at his desk and inside his vehicle. (FAC ¶¶ 15-16, 60-61.) However, Plaintiff's claim is devoid of factual allegations and does not give notice to the County as to which specific items of personal property were taken. Plaintiff's failure to identify the property purportedly seized renders his claim inadequately pled. *See Fremont Indem.*, 148 Cal. App. 4th at 123; *Perdue v. Rodney Corp.*, No. 13cv2712–GPC (BGS), 2014 WL 3726700, at *10 (S.D. Cal. July 25, 2014) (finding

that because the "conversion allegations are specific enough to apprise [D]efendant of the substance of the claim asserted against [it]" the plaintiff adequately stated a claim of conversion) (internal citation and quotation marks omitted).

Accordingly, the Court grants the County's motion to dismiss Plaintiff's eighth cause of action with leave to amend.

## CONCLUSION

The Court GRANTS the County's Motion to Dismiss Plaintiff's sixth, seventh, and eighth causes of action with leave to amend. The first cause of action is dismissed with prejudice. Plaintiff must file his second amended complaint, if he so chooses, within 14 days of this Order.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: July 5, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge