1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    HENRY DILLIHANT,                           Case No.  16-cv-00220-JSC

8                    Plaintiff,

9           v.                                  **ORDER RE: DEFENDANT COSTRA
                                                COSTA COUNTY'S MOTION TO
10   CENTER FOR HUMAN DEVELOPMENT,              DISMISS *MONELL* CLAIMS IN
     et al.,                                    SECOND AMENDED COMPLAINT**

11                  Defendants.                 Re: Dkt. No. 27

12

13          Plaintiff Henry Dillihant III sues the Center for Human Development, as well as Contra

14   Costa County, the Contra Costa County Sheriff David Livingston, and Sheriff's Deputy Jeff

15   Moule (collectively "the County" or "the County defendants") arising out of the termination of his

16   employment.  Now pending before the Court is the County's Motion to Dismiss the *Monell*

17   Claims in Plaintiff's Second Amended Complaint ("SAC").  (Dkt. No. 27.)  Having considered the

18   parties' written submissions, the Court GRANTS the motion to dismiss with leave to amend.

19                                    **BACKGROUND**

20          Plaintiff contends that during his six-month tenure as a health conductor for the County's

21   Health Services Department he was subject to inappropriate and discriminatory conduct, the

22   County failed to accommodate his requests for time off in connection with his wife's disability, he

23   was wrongfully terminated for requesting time off to care for his wife and their newborn child, and

24   the termination, which was accomplished with the assistance of Contra Costa County sheriff's

25   deputies, violated his constitutional rights and caused severe emotional distress.

26          Plaintiff sued the Center for Human Development and Contra Costa County regarding

27   these claims in January 2016.  (Dkt. No. 1.)  Plaintiff thereafter amended his complaint before any

28   defendant had appeared. Defendant the Center for Human Development answered the First

United States District Court
Northern District of California

1    Amended Complaint (Dkt. No. 15), while the County moved to dismiss (Dkt. No. 14).  In

2    response to the motion, Plaintiff, among other things, agreed to amend his Section 1983 *Monell*

3    claims.  (Dkt. No. 19.)

4        Plaintiff thereafter filed the now-operative Second Amended Complaint ("SAC").  (Dkt.

5    No. 26.)  The SAC's factual allegations are identical to those of the prior complaint except that

6    Plaintiff has included two new defendants: Contra Costa County Sheriff David Livingston and

7    Sheriff's Deputy Jeff Moule.  With respect to Defendant Moule there is one additional paragraph

8    regarding his involvement with Plaintiff's termination.  In particular, Plaintiff alleges that Moule

9    waived his gun at Plaintiff, threatened him, took his keys without permission and "gave [him]

10   false information about restrictions on his activities after the spectacle ended"; Moule is also

11   alleged to have participated in the search of Plaintiff's vehicle.  (Dkt. No. 26 at ¶ 22.)  Under his

12   race discrimination claim, Plaintiff also includes the allegation that "other African-American

13   males employed by Contra Costa County in the same department as plaintiff have been treated in a

14   similar manner as described herein, as to the public parading around, suggestions of criminal

15   activity, and abrupt terminations without explanation."  (*Id.* ¶ 33.)  Finally, in his SAC Plaintiff

16   split his Section 1983 claim into three claims for relief.  (*Id.* at ¶¶ 54-68.)

17       The County moved to dismiss the SAC's *Monell* claims and Center for Human

18   Development answered.  (Dkt. Nos. 27 & 29.)   Because the docket did not reflect that either

19   Sheriff Livingston or Deputy Moule had been served with the SAC, the Court issued an order

20   regarding their status on September 12, 2016.  (Dkt. No. 35.)  Both Livingston and Moule filed

21   waivers of service later that day pursuant to which their answers are due on November 14, 2016.[1]

22   (Dkt. Nos. 37 & 38.)  At the September 16, 2016 hearing, the County requested that the Court rule

23   on the *Monell* motion notwithstanding that these individual defendants' time to respond has yet to

24   run.  The Court thus construes the motion to dismiss broadly as addressing claims against the

25   County as Plaintiff's employer, and as a municipality for claims again Sheriff Livingston in his

26   official capacity.  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against

27

28   [1] Both have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28
     U.S.C. § 636(c).  (Dkt. No. 40.)

United States District Court
Northern District of California

a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.").

## DISCUSSION

To the extent Plaintiff sues the County as vicariously liable for injuries caused by County employees the section 1983 claims fail.  "A municipality may not be sued under [Section] 1983 solely because an injury was inflicted by its employees or agents." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978), a municipality may be liable when a municipal policy causes an employee to violate another's constitutional right.  *Monell*, 436 U.S. at 691–92. Thus, to state a claim for municipal liability under Section 1983, a plaintiff must allege facts showing (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("[P]laintiffs must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.") (citation omitted). A *Monell* claim can take one of three forms: "(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cnty.*, No. C 12-1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (*citing Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010)). Whichever form is alleged, the plaintiff must plead facts sufficient to plausibly establish that "the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Plaintiff has divided his Section 1983 claim into three separate claims: (1) violation of 42 U.S.C. § 1983 – Fourth Amendment; (2) violation of 42 U.S.C. § 1983 – Failure to discipline,

United States District Court
Northern District of California

United States District Court
Northern District of California

policies/customs, deliberate indifference; and (3) violation of 42 U.S.C. § 1983 – ratification.  The second and third—the seventh and eighth claims for relief, respectively—are the claims at issue in the instant motion.  The failure to discipline, policies/customs, and deliberate indifference claim is pled against the County and Sheriff Livingston, and the ratification claim is pled against the County only.  The allegations underlying these two claims relate to the conduct of the sheriff's deputies on the day Plaintiff was terminated, and in particular, the search of his person, workspace, and vehicle.  Plaintiff alleges that the searches violated his constitutional rights to be free from unlawful search and seizure and that the unlawful conduct was the proximate result of (1) the County and Sheriff Livingston's failure to discipline deputies, (2) official policies, practices, or customs by Sheriff Livingston, and the County with respect to searches, and (3) deliberate indifference by the Sheriff and County. (SAC ¶ 61.)  Plaintiff alleges that "Defendant, by and through its supervisory employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants' deputies of the nature described herein."  (*Id*. at ¶ 64.)  Further, the "lack of adequate supervisorial response and training demonstrates ratification [by Sheriff Livingston] of defendant's deputies unlawful acts, as well as the existence of an informal custom or policy which tolerates and promotes the continued use of civil rights violations by defendant's deputies."  (*Id*. at ¶¶ 64, 68.)

### A.  Plaintiff's Seventh Claim for Relief: Official Policy or Deliberate Indifference

Although Plaintiff has adequately pled a denial of his constitutional right to be free of unlawful search and seizure, he has failed to adequately plead any of the remaining elements of a municipal liability claim.

First, Plaintiff has inadequately pled that the violations of his constitutional rights were pursuant to an official policy, custom, or practice.  Plaintiff must do more than simply recite the elements of a *Monell* claim. *See AE ex rel. Hernandez*, 666 F.3d at 640 ("naked assertions" of official policies, customs, and practices" are inadequate to state a claim for *Monell* liability).  Although Plaintiff alleges that there is an official policy, practice, or custom regarding "treatment and vehicles searches," he has not identified what it is.  (SAC at ¶ 61.)

4

United States District Court
Northern District of California

1    Second, to the extent that the SAC asserts a claim of municipal liability based on the

2    Sheriff's failure to train its employees, Plaintiff "must allege facts showing a pattern and practice

3    of 'deliberate indifference' to violations of constitutional rights." *Connick v. Thompson*, 563 U.S.

4    51, 61 (2011).  Where, as here, the pleadings only recount alleged constitutional violations against

5    the plaintiff, there is no cognizable *Monell* claim. *See, e.g.*, *Cannon v. City of Petaluma*, No. C

6    11–0651 PJH, 2012 WL 1183732, at *19 (N.D. Cal. Apr. 6, 2012) ("[Plaintiff's] allegations in the

7    SAC relate solely to his own, isolated experiences, which cannot support a *Monell* claim for

8    failure to train or supervise."). In response to the motion to dismiss, Plaintiff contends that he has

9    alleged more, but the only allegation in which he identifies  conduct beyond that of the incident in

10   question is the allegation in his race discrimination claim that "[u]pon information and belied [sic],

11   other African-American males employed by Contra Costa County in the same department as

12   plaintiff have been treated in a similar manner as described herein, as to the public parading

13   around, suggestions of criminal activity, and abrupt terminations with explanation."  (SAC ¶ 33.)

14   These allegations relate to Plaintiff's employment with the Health Services Department and Center

15   for Human Development, and not the conduct of the sheriff's deputies which otherwise appear to

16   give rise to Plaintiff's *Monell* claim for deliberate indifference to the need to train sheriff's

17   deputies.  In other words, Plaintiff has not alleged a custom, policy, or practice whereby sheriff's

18   deputies have been involved with "public parading," "suggestions of criminal activity," or "abrupt

19   terminations" of other African-American employees of the County's Health Services Department.

20   "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor

21   disregarded a known or obvious consequence of his action."  *Connick*, 563 U.S. at 61 (internal

22   citation and quotation marks omitted).  "This requirement ensures that the municipality is only

23   liable for situations where it was on notice that more training or supervision was needed to avoid

24   constitutional violations, and only where the municipality was truly at fault because of its

25   defective procedures, not because of isolated acts by errant employees." *Cook v. Cty. of Contra

26   Costa*, No. 15-CV-05099-TEH, 2015 WL 9204292, at *4 (N.D. Cal. Dec. 17, 2015).

27   Finally, Plaintiff has not adequately alleged a causal link between a policy or custom and

28   the alleged constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir.

5

2011) (affirming dismissal where plaintiff failed to allege facts demonstrating that "the custom or practice was 'the moving force' behind his constitutional deprivation).

Accordingly, Plaintiff's seventh claim for relief predicated on an official policy, custom or practice, or a failure to train or supervise fails to state a claim and must be dismissed.

### B. Plaintiff's Eighth Claim for Relief: Ratification

Plaintiff's eighth claim for relief for ratification is likewise inadequately pled. While a policymaker's ratification of a subordinate's actions can give rise to municipal liability, the plaintiff must allege both that the policymaker had knowledge of the violation and "expressly approved of the acts of others who caused the constitutional violation." *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). Here, Plaintiff's only allegation as to ratification is that "[t]he acts or omissions alleged herein regarding plaintiff's treatment and the unlawful seizure, upon information and belief, were ratified by defendant Sheriff Livingston" who had "final policy making authority" who "knew of and specifically approved of the acts of Moule." (SAC at ¶ 68.) However, a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). "There must [] be evidence of a conscious, affirmative choice" on the part of the authorized policymaker. *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992). Plaintiff's allegation that "on information and belief" the Sheriff knew of the deputies' actions is too thin—Plaintiff must allege "affirmative or deliberate conduct" on the part of Sheriff Livingston to give rise to municipal liability based on ratification. *Gillette*, 979 F.2d at 1348.

\* \* \*

Plaintiff's *Monell* claims in his seventh and eighth claims for relief are dismissed. Although Plaintiff has previously been granted leave to amend these claims and failed to adequately do so, the Court declines to dismiss without leave to amend as the County requests because it is not yet clear that amendment would be futile. Plaintiff is directed to plead his claims with as much specificity as possible and to address the deficiencies identified in this Order.

6

**CONCLUSION**

For the reasons stated above, the County's Motion to Dismiss Plaintiff's *Monell* claims is granted with leave to amend consistent with this Order.  (Dkt. No. 27.)  If Plaintiff intends to pursue these *Monell* claims, Plaintiff must file his amended complaint with the amended *Monell* claims by October 7, 2016.  Failure to do so will result in dismissal with prejudice of the seventh and eighth claims for relief.

**IT IS SO ORDERED.**

Dated: September 16, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

7